No. 37,290

In re Estate of W. S. Place, deceased (GRACE NELSON and JOHN SAUBLE, Executor of the Estate of W. S. Place, deceased, *Appellants*, v. ARTHUR PLACE and ETTA PLACE, *Appellees*).

(203 P. 2d 132)

Opinion filed March 5, 1949.

Patrick J. Warnick, of Wichita, argued the cause, and Alan B. Phares, of Wichita, and I. T. Richardson, of Emporia, were with him on the briefs for the appellants.

Everett E. Steerman, of Emporia, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: The question presented in this appeal is whether the district court erred in rendering a judgment that Etta M. Place, sometimes referred to as Etta Place, was entitled to the use, possession and enjoyment of the homestead occupied by her and her deceased husband, W. S. Place, and to her statutory widow's allowance out of his estate.

Insofar as decision of the above question is concerned there is no dispute of fact.

W. S. Place died in July, 1946, and proceedings were instituted to have his last will and testament admitted to probate. Two wills, hereafter mentioned, were offered, one made under date of April 12, 1934, and another under date of April 1, 1944. The probate court admitted to probate the will of April 12, 1934, and denied probate of the will of April 1, 1944, and appeals were taken from those judgments. Under proceedings which need not be reviewed, the probate court denied the widow any homestead rights or any right to a widow's allowance and an appeal was taken from that order. In the district court the three appeals were heard together and resulted in a judgment that the will of April 1, 1944, be admitted to probate and that Etta M. Place, widow, was entitled to the use, possession and enjoyment of the homestead and also to the allowance as provided in G. S. 1947 Supp. 59-403. The executor of the estate of W. S. Place, deceased, and one of his daughters, appealed to this court from that portion of the judgment pertaining to the homestead rights and the widow's allowance.

It appears from the record as abstracted that under date of June 22, 1927, W. S. Place and Etta Marcellus entered into a written contract which stated they had mutually agreed to become husband and wife; that each had been formerly married and had property which came to each by reason thereof; that each had children; that each desired to enter into an arrangement respecting property rights and

rights of inheritance and in consideration of their marriage each agreed to waive, forego and relinquish his or her right to inherit one-half of the property of the other and to accept, receive and ask for "only a child's share in the estate of the other upon the death of such other." Shortly thereafter they were married and lived together until the death of W. S. Place, at which time they were occupying the homestead now involved.

Under date of April 12, 1934, W. S. Place made his last will and testament. For present purposes it may be said he gave his property in equal shares to his wife Etta and his eight children. Etta Place consented in writing to the terms of this will.

Under date of April 1, 1944, W. S. Place made the will which was admitted to probate as the result of the trial in the district court. By this will, W. S. Place revoked all former wills, directed that his debts, expenses of last illness and of his funeral be paid, and that his executor convert his estate into cash. He then directed payment of $75 each to the five children of his deceased son Ralph, gave $200 to his son Arthur, bequeathed one-ninth of the residue to his wife Etta Place, and gave the remainder to his seven named children, share and share alike. It is here noted that Etta Place did not consent in writing to the terms of this will.

The gist of appellants' contentions is that execution of the antenuptial contract is not challenged; that the will and the contract are to be construed together (*In re Estate of Garden,* 158 Kan. 554, 148 P. 2d 745) that antenuptial contracts which are entered into between persons competent to contract, and which are fair, reasonable and just in their provisions are to be upheld and enforced (*Hafer v. Hafer,* 33 Kan. 449, 6 Pac. 537; *Watson v. Watson,* 104 Kan. 578, 587, 180 Pac. 242, 182 Pac. 643; *Dunsworth v. Dunsworth,* 148 Kan. 347, 81 P. 2d 9; *In re Estate of Cantrell,* 154 Kan. 546, 119 P. 2d 483; *In re Estate of Wenzel,* 161 Kan. 545, 170 P. 2d 618; and a number of cases dealing with postnuptial contracts) and they argue that the antenuptial contract not only determines the widow's inheritable rights, but likewise bars her from asserting any right to the homestead or to any statutory allowance as the widow.

Appellants' contentions as made cannot be sustained. There can be no doubt but that the general rule is that where antenuptial contracts are fairly and understandingly made which are just and equitable in their provisions and free from fraud and deceit, they are valid and enforceable (*In re Estate of Garden,* supra, and cases

cited on page 560). That rule was recognized in *Watson v. Watson,* 104 Kan. 578, 587, 180 Pac. 242, 182 Pac. 643; noted above, but on a second rehearing that opinion was modified by another reported in *Watson v. Watson,* 106 Kan. 693, 189 Pac. 949, the syllabus to which reads:

. "The restrictions of the constitution and statutes touching the alienation of a homestead are for the protection of the family, and cannot be varied or avoided by an antenuptial contract providing that in case the wife survives the husband she is to have no part in his estate. Hence, so long as such surviving widow remains unmarried she may occupy the homestead regardless of such contract."

In *Hoard v. Jones,* 119 Kan. 138, 237 Pac. 888, the rule of the Watson case was recognized, it being said:

"The homestead rights of the wife, provided for by our constitution (art. 15, § 9) and statutes (R. S. 22-101), cannot be affected by an antenuptial agreement" (citing cases). (l. c. 152.)

In *In re Estate of Garden,* supra, where an antenuptial contract and a will were involved, it was said, on page 566 thereof:

"And surely at this late date it scarcely needs to be elaborated that the fact that the widow continues to occupy the family homestead does not bar her right as statutory heir of her husband. True, she continues to occupy it; but this is because the law gives her that right, not because the will gives it to her."

The above is followed by the quotation from the Watson case appearing above.

*In re Estate of Winter,* 164 Kan. 615, 619, 192 P. 2d 186, which involved a postnuptial contract and a will, the rule of the Watson case was recognized.

There is no doubt that under the cases above noted, homestead rights could not be cut off by the antenuptial contract under consideration. Review of cases dealing with postnuptial contracts is unnecessary.

We now take up the general question of the widow's right to the homestead right and the right to a so-called widow's allowance. It is to be borne in mind the will was made in 1944, at which time the statutes later mentioned were in full force. References made are to G. S. 1947 Supp. As applied to the facts before us the statutes provide for a homestead (59-401) which shall not be subject to forced partition until the widow remarries (59-402); that when a resident of the state dies testate, his widow shall be allowed from

the decedent's estate certain specified personal property and money (59-403) and that the surviving spouse, by electing to take under the will or by consenting thereto does not waive the homestead right nor the right to such allowance, unless it clearly appears from the will that the provision therein made was in lieu of such rights (59-404). It is further provided that if the decedent died intestate, that subject to any homestead rights and the allowances provided in 59-403 and other specified charges, the property shall pass by intestate succession (59-502) and that if the decedent leaves a spouse and children, one-half of such property shall pass to the surviving spouse (59-504) and one-half to the children (59-506). Under 59-2235 the property included in the widow's allowance shall be delivered by the executor to her and shall not be treated as assets in his possession but the title to the homestead shall be included in the final decree of distribution.

Consideration of the will of W. S. Place shows that Etta Place did not consent in writing to its terms. Even had she consented to the will, she would not have waived her homestead right and her right to an allowance unless it clearly appeared from the will that the provision made for her was intended to be in lieu of such right, and it is not even debatable that such a provision was made.

Consideration of the antenuptial contract insofar as the widow's allowance is concerned leads to the following: Briefly stated, under its terms Etta Place waived her right to inherit one-half of the property of W. S. Place and agreed to accept a child's share. The contract is silent on the matter of a widow's allowance. Under the statutes to which reference has been made the estate, as a whole, is subject to homestead rights, the widow's allowance, the payment of reasonable funeral expenses, expenses of last sickness, costs of administration, taxes and debts, and it is the property then remaining which is subject to pass by intestate succession to the heirs of the decedent (59-502) or to his legatees if he left a will (59-602). The contract should be and is read in the light of the statutes. Under the statutes the widow is entitled to her allowance over and above either her distributive share in an intestate estate, or over and above provision made for her in a will unless it clearly appears from the will the provision made for her was intended to be in lieu of such allowance. If there is to be a waiver of such a right by the terms of any antenuptial contract, that waiver must be clear or clearly to be deduced from what is said. In the instant case there was no waiver.

We think the decision and judgment of the trial court was correct and it is affirmed.

ARN, J., not participating.