No. 40,392

In the Matter of the Estate of Charles E. Snyder, Deceased. ETTA V. LIMBOCKER and CLARENCE E. HULSE, *Appellants*, v. JAMES N. SNYDER, *Appellee*.

(310 P. 2d 944)

Opinion filed May 11, 1957.

*J. A. Dickinson*, of Topeka, argued the cause, and *David Prager, William W. Dimmitt, Jr.*, and *Sam A. Crow*, all of Topeka, were with him on the briefs for the appellants.

*Homer Davis*, of Leavenworth, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Appellee, James N. Snyder, executor of the estate of Charles E. Snyder, deceased, filed in the probate court a petition for approval of his final accounting as to cash receipts and disbursements in the estate, for his discharge as executor, and for the appointment of Elmore W. Snyder, II, as executor in his stead, alleging that the exact assets of said estate had not yet been finally determined and that it was not possible to make a final settlement and it was necessary that said estate remain open until final litigation involving certain assets therein had been determined.

From an order of the probate court granting the relief sought, appellants, Etta V. Limbocker and Clarence E. Hulse, appealed to the district court of Leavenworth County, where a hearing was had on the petition and the trial court found that the assets of the estate had not been finally determined and were subject to the orders of the probate court and possible litigation and that it was not possible to make a final settlement of the estate; that the final and complete accounting of all cash receipts and disbursements of the executor as attached to the petition should be approved; that the administration of the estate should not be closed but should continue until further order of the probate court; and that the executor, James N. Snyder, should turn over all personal property and assets then in his hands to Elmore W. Snyder, II, as newly appointed executor of the estate. The court ordered that plaintiff's petition for approval of his cash items received and disbursed should be sustained and that he turn over to the newly appointed executor all personal property and upon compliance therewith James N. Snyder be discharged. The court ordered that Elmore W. Snyder, II, be appointed as executor and that the possession of all real estate in said estate be forthwith turned over to him by James N. Snyder. From the order of the trial court, appellants appeal.

The record in the instant case is very incomplete. Appellants filed an abstract which contained their version of what the evidence disclosed at the hearing in the court below. On motion of appellee, this court struck all that portion of appellants' abstract narrating their version of the evidence. A counter abstract was filed by appellee and a supplemental abstract by appellants which contained three stipulations of fact and considerable colloquy between counsel and the court, which is of no help to this court on review. No evidence was offered by either party at the hearing in the district court nor were there any issues joined between the parties.

Appellants first contend that upon the death of Charles E. Snyder there was on deposit in his personal account $340.00 received as rent from the Lavery Building and that this building had been owned by the Manufacturers State Bank, of which Charles E. Snyder was president; that a few weeks before his death the bank sold to Isabelle H. Snyder the building for $55,000.00 and that the $340.00 was paid by the executor to the Manufacturers State Bank without notice, hearing or court order; and that the funds have never been restored to the estate of Charles E. Snyder. There is

nothing in the record to show whether this money was paid with or without an order of the probate court. Moreover, the record discloses that the estate of Charles E. Snyder claimed no interest in said funds and that the same were deposited in a special account in the mentioned bank and, we assume, in the name of the executor of the estate of Isabelle H. Snyder.

It is next contended that after the death of Charles E. Snyder his executor, James, found in his father's personal safety deposit box a deed duly executed from the Manufacturers State Bank to Isabelle H. Snyder and that the executor has not reported the same in the inventory. The inventory is not made a part of this record; moreover, the executor stated that the estate of Charles E. Snyder was making no claim to the deed or the property and that it was a matter between the bank and Isabelle's estate. Moreover, it was stated by the executor that this deed had been turned over to the probate court, and we assume it was listed among the assets of the estate of Isabelle H. Snyder.

It is next contended that James as executor of Charles's estate found in his father's safety deposit box a deed to himself, apparently executed by the decedent and his first wife, conveying a portion of decedent's real property to James, and that James placed the deed of record and did not include it in the inventory made by him in Charles's estate. We find no evidence in the record to sustain this contention and it does not appear that the trial court made any determination of the matter, as it was no part of the cash receipts or disbursements for which the executor sought approval.

It is next contended that among the assets coming into the possession of James as executor was a Nash automobile and the executor and his son personally used the car without compensating the estate therefor. This car was a part of the personal property ordered delivered by James to the newly appointed executor. Again, it does not appear that the question of the executor's use of this car was a matter before the court for determination in the final accounting of receipts and cash disbursements.

It is next contended that James as executor personally occupied the residence property of decedent rent free and charged the utilities and incidental expenses upon the property to the estate. It does not appear that the question of James's occupancy of the property was an issue in this case or considered by the trial court. The trial court did approve the incidental expenses necessary for the upkeep of the property, in which we find there was no error.

It appears from the little we are able to glean from the record that the trial court approved the final accounting only with regard to the cash items received by the executor and to the disbursements made, and the questions raised by the appellants, with the exception of the $340.00 item on the Lavery Building, were not raised by any pleadings joined or presented to the trial court for his consideration.

It is a general rule of law that a presumption of validity attaches to a judgment of the district court until the contrary is shown, and before this court will set aside a judgment it must affirmatively be made to appear by an appellant that the judgment is erroneous. (*State, ex rel., v. Henderson,* 179 Kan. 142, 292 P. 2d 718; *Gillen v. Stangle,* 175 Kan. 364, 264 P. 2d 1079; *Rupp v. Rupp,* 171 Kan. 357, 233 P. 2d 709.) Absent such affirmative showing, this court has no other alternative than to affirm the judgment of the trial court.

It is so ordered.