No. 41,673

In re Estate of Charles E. Snyder, Deceased. (FERN E. BRUNT, as Special Administratrix of the Estate of Isabelle H. Snyder, Deceased; CLARENCE HULSE and FERN E. BRUNT and HAZEL V. CAMPBELL, as Administratrices C. T. A. of the Will of Etta V. Limbocker, Deceased, *Appellants*, v. ELMORE W. SNYDER, II, as Executor of the Will of Charles E. Snyder, Deceased, and JAMES N. SNYDER, *Appellees.*)

(357 P. 2d 778)

Opinion filed December 10, 1960.

*J. A. Dickinson*, of Topeka, argued the cause, and *Sam A. Crow, Jack C. McCarter, Ralph E. Skoog*, and *Hart Workman*, all of Topeka, were with him on the briefs for the appellants.

*Homer Davis*, of Leavenworth, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the trial court's order denying homestead and statutory allowances to the estate of decedent's surviving widow and holding that by her consent to decedent's will, she waived her rights to both the homestead exemption and statutory allowances.

Two former appeals concerning decedent's estate have been before this court (*In re Estate of Snyder*, 179 Kan. 252, 294 P. 2d 197, and *In re Estate of Snyder*, 181 Kan. 222, 310 P. 2d 944) but nothing in either of them affects the case presently before us.

At the outset, it should be noted that both the homestead exemption right (Kan. Const., Art. 15, § 9, and G. S. 1949, 59-401) and the statutory allowances to the surviving spouse and minor children (G. S. 1949, 59-403) were originally involved in the case before the trial court but it was there agreed the homestead feature had become moot and was no longer an issue by reason of the subsequent death of the surviving widow, and the trial court so ruled. Thus we are determining here only the question whether under this particular decedent's will and the surviving widow's consent thereto (G. S. 1949, 59-404), the widow waived her right to statutory allowances. (G. S. 1949, 59-403.)

In brief, 59-403 provides that the surviving spouse shall be allowed, for the benefit of such spouse and decedent's minor children during their minority, from decedent's personal property, the following: Wearing apparel, family library, pictures, musical instruments, furniture and household goods, utensils and implements used in the home, one automobile, and provisions and fuel on hand necessary for their support for one year together with the sum of seven hundred fifty dollars or other personal property at its appraised value in full or part payment thereof, and 59-404 provides that the surviving spouse, by consenting to the will of the decedent, does not waive the right to such allowances,

". . . unless it clearly appears from the will that the provision therein made for such spouse was intended to be in lieu of such rights."

See, also, 1 Bartlett's Kansas Probate Law and Practice, rev. ed., §§ 242-245, and in particular the following statements contained in § 245:

". . . A device or bequest of other property to the spouse, *in itself*, is no indication that the gift is intended to be in lieu of the statutory allowances. . . . The intention of the testator that the provisions of the will are to be in lieu of the statutory allowances may be expressly declared or necessarily implied from the contents of the will. Whether such intention is expressed or necessarily implied is a question of testamentary construction and governed by the rules pertaining to that subject.

"The words of the code section 'was intended to be in lieu of such rights' mean *intended by the testator, to be determined by the language used in the will.* . . ." (pp. 303, 304.) (Our emphasis.)

In 4 Bartlett's Kansas Probate Law and Practice, rev. ed., § 1816, 47, a model provision is found which leaves no doubt or uncertainty that other provisions of a will are in lieu of statutory rights:

"(1) I hereby declare that the provisions herein made for my wife, ——, are made in lieu of homestead rights, statutory allowances, and other rights secured by statute." (p. 14.)

While we have no such explicit provision as the above in this decedent's will, in order to determine what decedent intended to do, or did do, the pertinent portions thereof are here set out:

"Second: . . . I further direct that neither of said Executors be required to furnish bond; that they shall have the power and right to sell all or any part of my property whether, real, personal or mixed, at public sale or private sale and on such terms and for such prices as they deem best in their judgment, and all without interference or intervention of the Probate Court in which this will is probated.

·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·

"Fourth: I give and bequeath, share and share alike, to my three beloved sons, to-wit: Elmore W. Snyder II; James N. Snyder and Charles E. Snyder, Junior, all my household silver, including plate, flat and dinner services; also all my china and chinaware, to be theirs absolutely.

·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·

"Sixth: I hereby give, devise and bequeath, fifty per cent of all the rest, residue and remainder of my property, real, personal or mixed, to my beloved wife, Isabelle H. Snyder, to be hers absolutely. The remaining fifty per cent of said rest, residue and remainder I hereby give, devise and bequeath, share and share alike, to my three beloved sons, to-wit: Elmore W. Snyder II; James N. Snyder and Charles E. Snyder, Junior, to be theirs absolutely."

The written consent by the spouse executed in the presence of two or more witnesses, as provided by G. S. 1949, 59-602, reads as follows:

"I, Isabelle H. Snyder, wife of Charles E. Snyder, who signed, declared, and published the foregoing instrument as his last will and testament, do hereby declare that I have read the same and understand the provisions therein contained and the rights secured to me by statute; and I hereby consent to the said will and accept the provisions therein made for me in lieu of the rights secured me by statute."

The consent and the pertinent provisions of the will must be construed together.

Under the third provision of the will considered in *In re Estate of Fawcett,* 163 Kan. 448, 183 P. 2d 403, the testator gave his surviving spouse "all the household goods, furniture and equipment which may be owned by me and in my house at the time of my death." The surviving spouse, in the presence of subscribing witnesses, signed a consent to the provisions contained in the will for her benefit and expressly consented that the testator might bequeath away from her more than one half of his property and in holding she thereby elected to take under the will, this court said:

"Does it clearly appear from the will that the provisions made for the widow were to be in lieu of the rights she had to . . . the statutory allowances? As far as the statutory allowances are concerned the question is easily answered in the affirmative since the statute gives her the furniture and household goods, utensils and implements used in the home and one automobile, together with $750 in cash; while testator gave his widow by the will all the household goods, furniture and equipment owned by him and in his house at the time of his death. Outside of the $750 she received by the will just about what the statute gave her." (p. 452.)

The right of a widow to statutory allowances out of her deceased husband's estate was part of the question in *In re Estate of Place,* 166 Kan. 528, 203 P. 2d 132. That opinion contains a full discussion of antenuptial and postnuptial contracts and their effect on the matters there involved including statutory allowances and is cited here for whatever light the following excerpt may shed in our present case. After a discussion of the appropriate statutes, the opinion, in holding there had been no waiver of the widow's right to a statutory allowance, used this language:

"Consideration of the will of W. S. Place shows that Etta Place did not consent in writing to its terms. Even had she consented to the will, she would not have waived her homestead right and her right to an allowance unless it clearly appeared from the will that the provision made for her was intended to be in lieu of such right, and it is not even debatable that such a provision was made.

". . . Under the statutes the widow is entitled to her allowance over and above either her distributive share in an intestate estate, or over and

above provision made for her in a will unless it clearly appears from the will the provision made for her was intended to be in lieu of such allowance. If there is to be a waiver of such a right by the terms of any antenuptial contract, that waiver must be clear or clearly to be deduced from what is said. In the instant case there was no waiver." (p. 532.)

The least that can be said about the Place case is that it definitely eliminated any guesswork in determining whether the testator by the terms of his will made it clearly appear that some provision, or provisions, thereof were to be in lieu of her statutory allowances, and that the widow likewise had the same intention when she consented to the will because of the clearness of that provision, or provisions. See, also, the very interesting case of *In re Estate of Neis*, 170 Kan. 254, 265, 225 P. 2d 110, where an antenuptial contract which contained releases and relinquishments was concerned and some of the above cases were cited and discussed. Results were shown to depend upon the particular facts and circumstances of each individual case.

Appellees cite and claim that *In re Estate of Elliott*, 174 Kan. 252, 255 P. 2d 645, is decisive of our present question but there are two reasons why we cannot agree. The first is that the property there involved was real estate, and the second is that the Elliott will clearly gave all of testator's real estate to his three children by a former marriage and all the rest, residue and remainder to his widow whose written consent to the will was almost identical to the one presently before us. An added element in the Elliott case which should be mentioned was that at the same time the testator executed his will, a separate will was executed by his wife in which she gave her property to her three children by a former marriage, to which provisions testator consented. That case is much stronger than our present one and is definitely distinguishable because the statutory allowances for the surviving spouse and minor children were not involved.

This case is unquestionably a close one but considering all that has been said herein along with the second paragraph of the will empowering the executors to sell the decedent's property whether real, personal or mixed, in the manner prescribed, the fourth paragraph bequeathing to the sons all of decedent's household silver, china and chinaware, and finally, the sixth paragraph bequeathing one half of the residue to the widow and one half to the decedent's three sons, we conclude the decedent expressed his intention that

those provisions were to be in lieu of the surviving spouse's statutory allowances and when she consented to the will she expressed her approval of his right so to do, and she therefore accepted the gift under the sixth paragraph in lieu of her statutory allowances.

The judgment is affirmed.

Robb, J. (dissenting): I find myself unable to agree with the majority opinion in this matter. I believe G. S. 1949, 59-403 in plain and unambiguous language in its very provisions exempts property under the statutory allowances from any and all claims against a decedent's estate whether such claims are by creditors, heirs, devisees, legatees, or other claimants. The statute, in part, reads:

". . . The property *shall not* be liable for the payment of any of decedent's debts or *other demands* against his estate, except liens thereon existing at the time of his death. . . ." (Emphasis supplied.)

While, in this case, there are no creditors seeking the conclusion that the surviving spouse waived all her statutory rights provided and guaranteed to her by law or statute, the rule promulgated in the majority opinion will be no less determinative should a similar case arise where creditors of decedent are the only contenders that the surviving spouse so waived her rights. To my way of thinking, the whole serious purpose of 59-403 could thereby be defeated. As was so ably stated in 1 Kansas Probate Law and Practice, rev. ed., § 243, the basic purpose of the statute is:

"The allowance in the sum of seven hundred fifty dollars to the surviving spouse, from the personal property of a decedent's estate, is a common fund, intended to be used by the surviving spouse for the common benefit of such spouse and the decedent's minor children, if any, during the period of their minority and as long as such spouse and children live together, and no part of such allowance is liable for the individual debts of the surviving spouse. *The purpose was that they should not be left entirely destitute.* [Citing *O'Dell v. O'Dell,* 157 Kan. 351, 139 P. 2d 376.]" (p. 301.) (Emphasis supplied.)

I believe that paragraph two of decedent's will does nothing but give the executors power to sell his property for the purpose of paying decedent's debts, that paragraph four refers to decedent's silverware and china or chinaware but does not state they were used by decedent and his surviving spouse in maintaining their home, or were even capable of being listed as items under the statutory allowances, and finally, by paragraph six and the consent of the spouse to the will, I believe she waived her statutory right to share in one half of all of decedent's estate, that she consented that

decedent could will away to his three sons part or all of her one half, and that she accepted his bounty of one half of the residue in lieu of her statutory right to one half of all his estate.

I am of the opinion that 59-403 should be most liberally applied in favor of a surviving spouse and in view of the above stated reasons, my conclusion is that the widow here did not waive her right to the statutory allowances and the judgment of the trial court should be reversed.

WERTZ and JACKSON, JJ., concur in the foregoing dissenting opinion.