No. 41,988

In the Matter of the Estate of Charles E. Snyder, Deceased. (FERN E. BRUNT, as Special Administratrix of the Estate of Isabelle H. Snyder, Deceased, *Appellee*, v. ELMORE W. SNYDER, as Executor of the Estate of Charles E. Snyder, Deceased, *Appellant*.)

(362 P. 2d 651)

Opinion filed June 10, 1961.

*Homer Davis*, of Leavenworth, argued the cause and was on the briefs for the appellant.

*J. A. Dickinson*, of Topeka, argued the cause, and *Sam A. Crow, Jack C. McCarter, Ralph E. Skoog* and *Hart Workman*, of Topeka, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is the fifth appearance in this court involving the administration of either the estate of Charles E. Snyder or the estate of Isabelle H. Snyder (*In re Estate of Snyder*, 179 Kan. 252, 294 P. 2d 197; *In re Estate of Snyder*, 181 Kan. 222, 310 P. 2d 944; *In re Estate of Snyder*, 187 Kan. 373, 357 P. 2d 778; *In re Estate of Snyder*, 188 Kan. 46, 360 P. 2d 883). The present appeal arises out of a proceeding commenced in the probate court of Leavenworth County upon the petition of the executor of the last will

and testament of Isabelle H. Snyder, deceased, to determine the ownership of 166 shares of stock in the Manufacturers State Bank of Leavenworth, Kansas, and six $10,000 face value unregistered "bearer" bonds of the United States government. The proceeding was prosecuted to final judgment in the probate and district courts by the special administratrix of her estate. The executor of the last will and testament of Charles E. Snyder, deceased, claimed and listed the securities in the inventory of his estate. The decedents were husband and wife, and Charles died first. Both wills were admitted to probate in Leavenworth County. The district court made findings of fact and conclusions of law that Isabelle's estate was the sole owner of the securities and entered judgment in favor of the special administratrix. The executor of Charles' estate has appealed.

Charles E. Snyder and Isabelle H. Benedict were married September 4, 1948. Charles was 69 and Isabelle was 76 years of age. Each was previously married, and Charles had three sons. Isabelle had no children, and possessed an estate worth approximately $150,000. At the time of the marriage she had suffered a stroke and was in failing health both physically and mentally.

Findings of the district court are briefly summarized: Charles was president of the Manufacturers State Bank. Two years prior to the marriage he commenced handling the business affairs of Isabelle and was her confidential agent and advisor and managed and controlled her affairs until his death on May 3, 1953. From approximately 1947 Isabelle was incompetent to transact business, and for approximately two years preceding her death on June 19, 1954, she was totally incompetent.

Prior to the marriage Isabelle maintained a separate bank account, and a separate safety deposit box No. 404 in the Manufacturers State Bank. Charles maintained a separate and detailed record of the property and affairs of Isabelle. On the date of the marriage, the balance in Isabelle's individual account was withdrawn and deposited in a new joint account in the joint and survivorship names of Isabelle and Charles. On that same date the safety deposit box was released by Isabelle and a new contract lease was issued on the box in the names of Isabelle or Charles as joint tenants with right of survivorship. All of the funds deposited in the joint bank account were the separate and individual funds of Isabelle which were used and dispensed for the separate and

individual account of Isabelle. All of the contents of box 404 was the separate and individual property of Isabelle both before and after the marriage and was either owned by her prior to the marriage, or was procured with her separate funds by disbursements from the joint bank account.

Following Charles' death the bonds in question, and the 166 shares of bank stock, which were registered in the names of Isabelle or Charles or the survivor, were found in box 404. As previously indicated, the executor of Charles' estate claimed and listed those securities in the inventory of his estate. The court specifically found that the securities in question were procured by Charles in the course of his management of Isabelle's affairs with funds from the joint bank account; that they were at all times segregated and identified as her separate property; that Charles' estate had no interest therein and no transfer of any sort from Isabelle to Charles was accomplished; that the contents of the box at no time was in the possession of Charles' estate; that Isabelle's estate had at all times been entitled to possession thereof and that the securities in question, together with all other contents of the box, were the separate property of Isabelle and were a part of her estate. In addition to the foregoing, the court found generally for Isabelle's estate and against Charles' estate. In harmony with its findings, the court rendered judgment in favor of Isabelle's estate.

Various arguments are advanced by the appellant in support of the contention that Charles' estate is entitled to one-half interest in the securities. All have been fully examined and the court finds that each is disproved by the evidence and the findings of the district court. The effort on the part of the estate of Charles to claim the securities is well characterized by the district court's restrained language in its oral decision when it said:

"And why anybody should be in doubt as to whom those stocks belong . . . is something that this Court can't understand . . . and how any person can conceive on any theory of law that the Charles Snyder estate would have any interest in those bonds is just something that this Court cannot see."

No new principles of law of striking interest, and no new application of old principles, are involved, and when the facts have been determined, the conclusions of law follow as a matter of course. Under these circumstances this court does not feel that any useful purpose would be subserved by a fuller discussion of the case except

to say the district court's findings of fact were amply supported by the evidence, and are approved.

Error is never presumed, and it is incumbent upon the appellant to make it affirmatively appear that error was committed. We have carefully examined the record and find the appellant has not sustained the burden cast upon him by the appeal. The judgment of the district court is affirmed.