No. 41,989

In re Estate of Charles E. Snyder, Deceased. (FERN E. BRUNT, as Special Administratrix of the Estate of Isabelle H. Snyder, Deceased, *Appellee,* v. ELMORE W. SNYDER II, as Executor of the Estate of Charles E. Snyder, Deceased, *Appellant.*)

(366 P. 2d 802)

Opinion filed December 9, 1961.

*Homer Davis,* of Leavenworth, argued the cause and was on the briefs for the appellant.

*J. A. Dickinson,* of Topeka, argued the cause, and *Sam A. Crow, Jack C. McCarter, Ralph E. Skoog,* and *Hart Workman,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is the sixth appeal to this court from rulings of the trial court involved in the administration of the estate of either Charles E. Snyder or Isabelle H. Snyder, both deceased. The previous appeals, all bearing the title, *In re Estate of Snyder*, appeared in the following reports: 179 Kan. 252, 294 P. 2d 197; 181 Kan. 222, 310 P. 2d 944; 187 Kan. 373, 357 P. 2d 778; 188 Kan. 46, 360 P. 2d 883; 188 Kan. 322, 362 P. 2d 651.

This appeal is from a judgment of the trial court in favor of appellee on a petition for allowance of demand in the estate of Charles E. Snyder whereby appellee received (1) $14,902.50 covering amounts set out in four checks totaling that sum, together with six per cent interest from the dates of the checks; (2) $20,000 representing the difference between the $35,000 worth of the Lavery Building in Leavenworth, Kansas, and the $55,000 for which it was sold to Isabelle by and through Charles, her husband, while he was acting as her confidential agent and representative, and (3) thirty shares of capital stock in the Manufacturers State Bank of Leavenworth, together with dividends thereon from the date of judgment. Facts surrounding the relationships of the parties have been fully set out in the previous Snyder cases and are to be found in the above-cited volumes of this court's reports. Therefore, we shall not go into detail as to them at this time but will merely summarize them.

On September 4, 1948, Charles E. Snyder and Isabelle H. Benedict were married. Prior to their marriage and subsequent thereto Charles was Isabelle's confidential agent and representative and acted for her in a fiduciary capacity in financial and business matters. Charles had two sons by a former marriage, Elmore W. Snyder II, and James N. Snyder. Charles died testate on May 3, 1953, and had designated James as executor and Elmore as alternate executor of his estate. James qualified as executor on June 2, 1953, and served in that capacity until 1955 at which time he resigned and Elmore qualified as executor. On June 30, 1953, the probate court appointed Fern E. Brunt and Hazel Campbell as guardians of Isabelle, their aunt, in the estate of Isabelle, an incompetent person. On January 23, 1954, as such guardians, they filed the petition for allowance of a demand that is the basis of the appeal now before us.

On June 19, 1954, Isabelle died testate, having designated Charles

as executor, and James as alternate executor, in her will. On March 10, 1955, James was appointed and qualified as executor of Isabelle's estate, and on February 29, 1956, this court in the first Snyder appeal (179 Kan. 252, 294 P. 2d 197) affirmed that appointment. This appeal became final on March 29, 1956. On August 11, 1956, Fern E. Brunt and Hazel Campbell were discharged in the guardianship proceedings. On February 15, 1957, James, as executor of Isabelle's estate, petitioned for appointment of a special administrator for the purpose of filing claims in behalf of Isabelle's estate against the estate of Charles. On March 1, 1957, Fern E. Brunt was appointed special administratrix to represent Isabelle's estate in any claims against the estate of Charles, or the Manufacturers State Bank of Leavenworth, or in any litigation involving Isabelle's estate and the estate of Charles and the Manufacturers State Bank, and she was authorized to file any necessary litigation in any court.

On September 12, 1957, without objection by Elmore on behalf of the estate of Charles, or by Elmore's attorney, Fern was substituted as special administratrix of the estate of Isabelle in the petition for the allowance of demand which had previously been filed by her and Hazel as Isabelle's guardians.

On July 28, 1958, the probate court denied the claims in Fern's petition and on August 22, 1958, an appeal from this order was perfected to the district court. On April 23, 1959, and dates subsequent thereto including September 23, 1959, evidence was introduced before the district court which rendered judgment on December 2, 1959, and allowed the claims as fourth class claims, listing the property as follows:

"$3,000.00 with interest at the rate of 6% per annum from February 9, 1953.

"$4,000.00 with interest at the rate of 6% per annum from February 20, 1953.

"$4,000.00 with interest at the rate of 6% per annum from February 26, 1953.

"$3,902.50 with interest at the rate of 6% per annum from April 30, 1953.

"$20,000.00 with interest at the rate of 6% per annum from date of this judgment.

"30 shares of capital stock of the Manufacturers State Bank, together with all dividends received thereon after date of this judgment."

On December 4, 1959, motion for new trial was filed, which was overruled on January 27, 1960. On January 29, 1960, notice of appeal to this court was filed which included, among other things, the order of the trial court made on January 27, 1960, overruling the motion of Elmore for new trial.

In addition to the foregoing, the trial court made the following findings of fact:

Approximately since 1947 Isabelle had been incompetent to transact business and during the two years preceding her death, she became totally incompetent. Prior to their marriage Isabelle maintained a separate bank account and safety deposit box in the Manufacturers State Bank. Charles kept a detailed record of Isabelle's property and affairs. At the time of the marriage the balance in Isabelle's separate bank account was withdrawn and a new joint tenancy account for her and Charles was deposited in the bank. Her safety deposit box was released and a new lease contract made in joint tenancy in their names. The funds in the joint tenancy bank account belonged to Isabelle. Charles, without any showing of consideration or explanation for such transactions, withdrew from the joint account and placed in his individual account the following checks totaling $14,902.50:

| | |
|---|---:|
| February 9, 1953 | $3,000.00 |
| February 20, 1953 | 4,000.00 |
| February 26, 1953 | 4,000.00 |
| April 30, 1953 | 3,902.50 |

Charles, as president of the bank, on or about February 10, 1953, sold the Lavery Building in Leavenworth to Isabelle, as above stated, by means of a check drawn on the joint account while he was also acting as the confidential agent and representative of Isabelle. Further, in that same capacity he had used joint bank account funds to purchase 196 shares of stock in the bank, thirty shares of which were assigned or transferred to Charles individually as follows:

| | |
|---|---|
| December 8, 1951 | 10 shares |
| March 21, 1952 | 10 shares |
| January 6, 1953 | 10 shares |

No explanation of such transactions and assignments or the consideration therefor was shown. The estate of Charles should be required to account for and restore to Isabelle's estate thirty shares of the bank's capital stock together with the dividends thereon.

We should perhaps pause to explain that the 166 remaining shares of stock were the subject considered by this court in *In re Estate of Snyder*, 188 Kan. 322, 362 P. 2d 651.

A great deal of testimony was introduced in the trial of the case but it would be a burden and "rehash" of all that has been before this court in the five previous appeals if we were to set out such testimony and evidence.

The trial judge, who has been closely associated with all of these

estate matters for the past several years, made his following oral statement a part of the record:

"This matter has been before the Court for months. This is not a sudden decision. This Court has studied and labored and belabored the questions involved for weeks and weeks and months and months, and the Court feels that I believe any Judge would have to render the same decision rendered in this case. That's the way the Court has concluded. I want to say this, that I think in all matters here I wouldn't accuse Mr. Charles E. Snyder of any dishonest intent whatsoever. I think Mr. Snyder was simply convinced that when Isabelle died that all these things would belong to him. I think Isabelle wanted him to have them in that event, and I think he just was so convinced that she would die first that he just got careless in the handling of these matters and handled these things as if they *belong* to him. Now, that's the conclusion this Court has reached. It didn't turn out that way, and, of course, no one ever knows when death will call anybody, and it just didn't turn out that way."

There is an abundance of substantial competent evidence in the record to support the findings of fact made by the trial court herein, and as was stated in *In re Estate of Snyder,* 188 Kan. 322, 324, 362 P. 2d 651, the conclusions of law follow as a matter of course. The statement of the trial judge, quoted above, which was termed an "oral finding" in the record, is also amply supported by substantial competent evidence. We conclude the trial court's findings of fact and conclusions of law should be approved.

Elmore challenges the substitution by the probate court of Fern E. Brunt as special administratrix of Isabelle's estate for Fern and Hazel as guardians of Isabelle's previous estate. In order to put that matter finally at rest, it is held the substitution was proper and revivor proceedings were not necessary. G. S. 1949, 59-2206 provides that no probate proceedings commenced by a representative shall abate by reason of the termination of his authority. See, also, *McDonald v. Carlson,* 182 Kan. 480, 322 P. 2d 798. It should be noted that neither Elmore nor his counsel objected to the substitution at the time but have proceeded thereunder. The trial court did not err in any of the particulars of its judgment complained of herein.

The judgment is affirmed.