No. 41,990

THE MANUFACTURERS STATE BANK, a Corporation, *Appellant,* v. ETTA V. LIMBOCKER, CLARENCE HULSE and JAMES N. SNYDER, Executor of the Estate of Isabelle H. Snyder, Deceased, and FERN E. BRUNT, Special Administratrix of the Estate of Isabelle H. Snyder, Deceased, *Appellees.*

(369 P. 2d 392)

Opinion filed March 3, 1962.

*Homer Davis,* of Leavenworth, argued the cause, and was on the briefs for the appellant.

*Jacob A. Dickinson,* of Topeka, argued the cause, and *Paul C. Aiken, Sam A. Crow* and *Ralph E. Skoog,* all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: This is the seventh appeal in the continuing litigation over the estate of Charles E. Snyder of Leavenworth and his wife Isabelle. The sixth case appears as *In re Estate of Snyder,* 189 Kan. 1, 366 P. 2d 802, where there is found a complete list of the other appeals. The case last mentioned gives an account of the sale of

the Lavery Building by Snyder to his wife for a price which the court found to be $20,000 more than its fair market price. The facts concerning the sale are set out in the above opinion and need not be repeated here since that opinion will appear in the same volume of our reports as does this opinion.

This appeal concerns the collecting of the rents from the Lavery Building after the sale of the building to Isabelle Snyder in 1953. It would appear that Mr. Charles E. Snyder collected the rents in April and that the May rents were collected or received by James N. Snyder as executor of Charles E. Snyder's estate. It would also appear that the executor of Charles' estate received certain rents for June and that on August 31, 1953, the executor paid over these rents to the Manufacturers State Bank and that they were put in a special account at the bank. At that time, James N. Snyder was an officer of the bank and his brother Elmore was president of the bank. From that time on, the bank seems to have collected the rents and paid the taxes and upkeep on the building.

Charles E. Snyder died May 3, 1953, and his wife Isabelle died June 19, 1954. It appears that the district court has found that Isabelle had been incompetent to transact business since 1947, and had been totally incompetent during the last two years of her life (see *In re Estate of Snyder*, supra).

The abstract herein shows that in November, 1958, the present action was filed by the Manufacturers State Bank as a declaratory judgment action in the district court. In its petition the bank asked for a determination of the title to the building. Fern E. Brunt, as special administratrix of the estate of Isabelle H. Snyder, filed an answer in which it was alleged that plaintiff bank had wrongfully withheld the money due the estate and asked for special damages.

In a reply the bank took issue with the defendant as to its wrongful withholding of the money, and further asked for a reasonable service charge for collecting of the moneys.

The district court immediately held that the title of the building was in Isabelle at the time of her death and devoted time to the matter of the accounting of the bank and especially to its assertion of a right to collect the rent.

It is also stated in the abstract that shortly after the death of Charles E. Snyder, his son and executor found in Charles' private bank box the deed from the bank to Isabelle and also found two executed warranty deeds—one a true carbon copy, but also fully exe-

cuted. This deed fully signed, executed and acknowledged conveyed the Lavery Building back to the Manufacturers State Bank and was signed by Isabelle Snyder and Charles E. Snyder, her husband. The abstract states the deed was dated April 8, 1953. Revenue stamps were attached to the deed from the bank to Isabelle but the deed to the bank bore no revenue stamps. The facts as to the finding of these deeds in Charles' box were alleged in the plaintiff's petition.

There can be no question that the district court felt that the bringing into the picture this deed from Isabelle and her husband to the bank was perhaps a wrongful attempt to assert title in the building. What else could give rise to plaintiff's action? Why should it have doubt as to the title of the real estate?

The court seemed to feel that the bank stood in no better position than a trespasser in the whole situation, since it was at least quite obvious to anyone who was an officer of the bank that the deed of April 8, 1953, had never been delivered.

The district court found the matter of the accounting to be correct; denied plaintiff a right to a management fee; but allowed interest to the estate at the rate of six percent per annum on a quarterly basis on all moneys collected by the bank from May 1, 1953, to May 22, 1959, and amounting to a sum of $2,625.05. There would seem to be no question that the bank did have the use of the money during all the time for which it was charged interest.

Plaintiff bank has appealed only from the allowance of interest, and from the denial of the management fee.

These questions are largely ones of fact. It has even been difficult to give a clear picture of the facts surrounding these transactions. The district court heard all of the evidence, and has also heard all of the evidence as to the Lavery Building in general (see *In re Estate of Snyder,* 189 Kan. 1, 366 P. 2d 802, referred to in the beginning.)

As to whether the court's decision was supported by the evidence, we would say that either way the court might have decided there would be evidence in the record to support it. In such a situation, this court may only affirm the court's decision.

In a somewhat similar case, *Rapier v. Bank,* 105 Kan. 606, 185 Pac. 888, the court said:

"Testimony which cannot be harmonized by any process of reconciliation was given respecting every fact directly or collaterally in issue. In arguing her case the plaintiff relies on the testimony favorable to herself. The jury

evidently relied on that favorable to the bank. Leaving out of consideration, as this court must do, the testimony which the jury disregarded, there was substantial evidence warranting every inference necessary to sustain the verdict, and that closes the controversy over the facts."

Attention may also be directed to the cases noted under 2 West Kan. Dig. *Appeal & Error* § 1002.

The judgment appealed from is affirmed, and it is so ordered.

FATZER, J., dissenting in part and concurring in part: In my opinion the district court erred in concluding the bank stood in the position of a trespasser. The evidence does not sustain that conclusion. At most, the bank was a mere stakeholder of the rental payments made by tenants of the Lavery Building and it should not be charged interest on the funds collected. I concur in the majority opinion that the bank should not be allowed a management fee.