No. 29,745.

MARY PELLETT, *Appellant,* v. LINCOLN PELLETT, as Executor, etc., *Appellee.*

(295 Pac. 984.)

Opinion
filed February 7, 1931.

B. *Hudson* and *Douglas Hudson*, both of Fort Scott, for the appellant.
*Harry Warren*, of Fort Scott, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents the question whether a widow who elects to claim her portion of her deceased husband's estate under the law rather than to take under his will thereby deprives herself of the widow's allowance provided in her behalf under R. S. 22-511 *et seq.*

The facts were these:

Alfred C. Pellett, a resident farmer of Bourbon county, died testate on March 5, 1930, leaving as his heirs at law, his widow, Mary Pellett, appellant herein, and four adult children of a former marriage. By his will he devised a portion of his estate to his widow and portions to his four children. The estate of the deceased chiefly consisted of a forty-acre farm near Fort Scott and some personal property consisting of household goods and the usual equipment of a small farm.

The widow, Mary Pellett, elected to take what she was entitled to under the statute of descents and distributions, as was her privilege under R. S. 22-245, and demanded that the widow's allowance provided by R. S. 22-511 be set apart to her.

The probate and district courts ruled against her demand that the statutory widow's allowance be set apart to her, and the propriety of that ruling raises the question now to be reviewed.

A cursory reference to some pertinent provisions of the statute of decedents' estates should lead us to a proper understanding of the legal question involved.

By the early statute of 1868 (G. S. 1868, ch. 33, § 8, R. S. 22-108) it was enacted that when a man having a wife and children dies intestate the undivided one-half of all his property not required to satisfy his debts shall descend to his widow.

By another early statute (G. S. 1868, ch. 117, § 35, R. S. 22-238) no married man can bequeath away from his wife more than one-half of his property unless she formally consents thereto.

The same statute also provides:

"If any provision be made for a widow in the will of her husband, and she shall not have consented thereto in writing, it shall be the duty of the probate court, forthwith, after the probate of such will, to issue a citation to said widow to appear and make her election, whether she will accept such provision or take what she is entitled to under the provisions of the law concerning descents and distributions, and said election shall be made within thirty days after the service of the citation aforesaid; but she shall not be entitled to both." (G. S. 1868, ch. 117, § 41, R. S. 22-245.)

Section 42 of the same statute (G. S. 1868, ch. 117, R. S. 22-246) provides that where the widow does not elect to take under the will (or elects not to take under it) "she shall retain her share of the real and personal estate of her husband as she would be entitled to by law in case her husband had died intestate."

The statutory provision for the widow's allowance, with amendments thereto and interpretations thereof, will now require to be critically noted:

As originally enacted (R. S. 1868, ch. 37, §§ 49 and 50) it was provided, in substance, that in addition to the statutory portion of her deceased husband's estate a widow should be allowed to keep, absolutely, for the use of herself and children of the deceased certain specified property suitable for conducting and maintaining the farm home, which was the typical family institution in Kansas sixty years ago. That statute also provided that if there were no children the enumerated articles of property should belong to the widow.

By a statute of 1879, chapter 103, the original act was amended and shortened to read:

"In addition to her portion of her deceased husband's estate the widow shall be allowed to keep, absolutely, for the use of herself and children of the deceased, all personal property of the deceased which was exempt to him from sale and execution at the time of his death."

In 1911 this statute was again amended to include within the terms of the widow's allowance all personal earnings of the deceased husband which were exempt from forced sale, execution, garnishment and attachment.

In *Barry v. Barry*, 15 Kan. 587, it was held that under the statute of descents and the statute of wills then in force a widow whose husband died without issue took the whole of his estate, although he died testate, if she declined to take under his will and elected to take under the law. It was largely owing to that decision that

the statute of descents was amended to make it clear that either spouse had the right to will away from the surviving spouse an undivided one-half of such testator's property. (Laws 1883, ch. 163, § 1, R. S. 22-239.) The nullifying effect of that later enactment upon the statute relating to the widow's allowance was not discovered until the decision in *Breen v. Davies,* 94 Kan. 474, 146 Pac. 1147. It was there held that where a married man having no children died testate, and his widow elected to take under the law and not under the will, she was not entitled to have the widow's allowance set apart to her in addition to an undivided one-half of the remainder of her deceased husband's estate. That decision was rendered in 1915, and at the next regular session of the legislature the present statute providing for the widow's allowance was enacted. (Laws 1917, ch. 186, R. S. 22-511, 22-512, 22-513 and 22-514.) This statute has not been affected by any later legislation to which our attention has been called, and the rights of the plaintiff thereunder are absolute. It is needless to quote the statute in full. It is more comprehensive and more liberal than the earlier statutes referred to above, but its general tenor is to the same effect.

As to part of the property which is to be included in the widow's allowance and set apart for the benefit of herself and the minor children of the deceased, the statute forbids that even an appraisement of value be made (R. S. 22-513), and in a case like the one at bar, where there are no minor children, the property included in the widow's allowance "shall belong to the widow absolutely." (R. S. 22-513.)

Nothing said by this court since the enactment of the statute of 1917 qualifies or limits the force of its plain text and intendment. *Breen v. Davies,* supra, has been cited in later cases, particularly in *Vanek v. Vanek,* 104 Kan. 624, 180 Pac. 240, and *Burns v. Spiker,* 109 Kan. 22, 202 Pac. 270, but in neither of these was the point of present importance considered. Indeed, since the enactment of the statute of 1917 (R. S. 22-511 *et seq.*) this court feels well assured that by operative construction the rights conferred by its terms upon widows and minor children have commonly been observed throughout the state.

The judgment is reversed with instructions to enter judgment for plaintiff.