No. 35,903

LESTER O'DELL, *Appellant,* v. SUSIE O'DELL, and J. H. KENNEDY, Administrator, *Appellees.*

(139 P. 2d 376)

Opinion filed July 10, 1943.

*William Keith,* of Wichita, was on the briefs for the appellant.

*L. P. Brooks,* of Wichita, was on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: The primary question presented is whether an allowance of $750 made by the probate court to the surviving spouse under the provisions of G. S. 1941 Supp. 59-403 is exempt from garnishment process instituted by a judgment creditor of the surviving spouse. Judgment was against plaintiff, the judgment creditor, and he appeals.

Appellees are Susie O'Dell, the surviving spouse, and J. H. Kennedy, administrator of the estate of John Norman O'Dell, deceased. Appellant, Lester O'Dell, is the stepson of Susie O'Dell. The

latter and her husband had executed and delivered a note to appellant a number of years prior to the death of John Norman O'Dell. The manner in which the note was kept alive as to the stepmother need not be noted. After the death of the father appellant obtained a money judgment on the note against his stepmother in the city court of Wichita. That judgment was affirmed in the district court. The probate court of Sedgwick county, in which the estate of the deceased father was being administered, made an order as follows:

"WHEREFORE, it is ordered and decreed that Susie O'Dell be and is allowed as the surviving spouse of John Norman O'Dell in addition to the homestead furniture she has received, the sum of $750. And the said administrator is ordered to pay her said sum, take her receipt therefor, and make his report of said payment with the receipt for said payment attached."

Heirs of the deceased appealed from that order to the district court where the order was affirmed and the probate court was directed to pay the allowance pursuant to the above order. The next day appellant had garnishment process served out of the city court on the administrator. The latter filed an answer in that court and alleged various grounds on which it was claimed the garnishment process was invalid. The motion was overruled and the administrator appealed to the district court. The latter court construed the answer as a combination of an answer and motion to vacate and set aside the garnishment proceedings. There is no complaint concerning that construction of the pleading. The district court sustained the motion on various grounds, the exempt character of the allowance being one of them. The appeal is from that order. The pertinent provisions of G. S. 1941 Supp. 59-403 read:

"When a resident of the state dies, testate or intestate, *the surviving spouse shall be allowed,* for the benefit of such spouse and the decedent's minor children during the period of their minority, from the personal property of which the decedent was possessed or to which he was entitled at the time of death, the following: . . . (2) The sum of seven hundred fifty dollars, or other personal property at its appraised value in full or part payment thereof. The property shall not be liable for the payment of any of decedent's debts or other demands against his estate, except liens thereon existing at the time of his death. If there are no minor children the property shall belong to the spouse; if there are minor children and no spouse, it shall belong to the minor children. The selection shall be made by the spouse, if living, otherwise by the guardian of the minor children. In case any of the decedent's minor children are not living with the surviving spouse, the court may make such division as it deems equitable." (Emphasis supplied.)

Was the allowance of $750 exempt from garnishment process?

The deceased had five adult children by a former marriage. The deceased and the surviving spouse had five children of their own. They are minors and have at all times lived, and are now living, with their mother. Appellant argues the order of the probate court made no allowance to the minor children but only to the surviving spouse, the judgment debtor, and that he is entitled to reach that fund to satisfy his judgment. It is true the order of the probate court did not specifically state the allowance was also for the benefit of the minor children. Manifestly, however, failure to frame the order in the exact language of the statute did not, and could not, destroy the exempt character of the allowance to the surviving spouse and it did not deprive the children of their exempt interest therein. Had the allowance been distributed to the surviving spouse and had it not been used by the surviving spouse for the benefit of herself and the minor children, the latter would have had a right to compel its use in that manner. (*Spencer v. Barker*, 96 Kan. 360, 149 Pac. 736.) The statute plainly reads ". . . *the surviving spouse shall be allowed,* for the benefit of such spouse and the decedent's minor children during the period of their minority . . ." The concluding sentence of the statute clearly contemplates the use, or division, of such allowance, as between the surviving spouse and the minor children, shall be left to *the surviving spouse* when the minors are living with the surviving spouse. This is clear as that part of the statute expressly provides that in case the minor children are not living with the surviving spouse the *court* may make such division as *it* deems equitable. The mere form of the order clearly did not destroy the exempt character of the allowance.

Appellant next argues the allowance, according to the language of the statute, is exempt only from the payment of *decedent's* debts or other demands against *his estate*. With that alleged intent of the statute we cannot agree. The underlying purpose and intent of the lawmakers was to provide an allowance for the benefit of the surviving spouse alone in the event there are no minor children, and to the minor children alone in the event there is no surviving spouse, and to the surviving spouse and the minor children during the minority of the latter when there are both minor children and a surviving spouse. The purpose was that they should not be left entirely destitute. The clear purpose of the old law and various amendments thereto prior to 1931 is clearly indicated in an able opinion in the case of *Pellett v. Pellett*, 132 Kan. 427, 295 Pac. 984.

While G. S. 1941 Supp. 59-403, the statute here involved, is a summary of provisions formerly contained in G. S. 1935, 22-511 to 22-514, inclusive, the purpose and intent of preserving the exempt character of the allowance has not been changed. See, also, 1 Bartlett's Kansas Probate Law and Practice, § 211, on the subject of the legislative history of the allowance provision.

Appellant further argues he should be entitled to reach at least one-half of the allowance as the share of the surviving spouse. The contention is based on the assumption the surviving spouse, notwithstanding there are minor children who are living with her, has title to an equal, divided one-half of the allowance with the right and power to dispose of it as she desires. The assumption is unsound. The surviving spouse, under the circumstances, does not hold title to an equal, divided one-half interest in the fund. The minor children do not hold title to an equal, divided one-half interest in the fund. It was intended the surviving spouse and the minor children should have the use of the entire allowance in common and that each of them should have an equal, undivided interest in the entire common fund for their joint support and maintenance as long as they lived together. In 34 C. J. S. 84, Executors and Administrators, § 362, the rights or interest of the beneficiaries in the common fund is stated thus:

"The allowance is intended for their joint support and maintenance, and, although, where particular property is set aside separately to individual beneficiaries or particular groups of beneficiaries, a certain amount to each, title thereto is held in severalty, not jointly, and without any cross rights therein of the different beneficiaries, where property is set aside to the widow and minor child or children in gross, they become owners of the property in common, and each has an equal, undivided interest in the title thereto. The share of each is thrown into hotchpot, so to speak, and the whole, both as to corpus and income, is charged with the support of each of the beneficiaries so long as they occupy that relationship."

Having determined the allowance, and every part thereof, was exempt from garnishment process, it is unnecessary to treat other grounds urged in support of the judgment.

The judgment is affirmed.