No. 45,997

In the Matter of the Estate of Edward E. Barnett, Deceased; EDWIN W. BARNETT and ROBERT F. BARNETT, Executors, et al., *Appellees,* v. FRANCES D. BARNETT, *Appellant.*

(485 P. 2d 1290)

Opinion filed June 12, 1971.

*Adrian M. Farver,* of Burlingame, argued the cause and was on the brief for the appellant.

*Harry T. Coffman,* of Lyndon, argued the cause and was on the brief for appellee, Robert F. Barnett.

*Leonard W. McAnarney,* of Lyndon, argued the cause for the appellee, Edwin W. Barnett.

The opinion of the court was delivered by

FOTH, C.: This appeal involves the right of a surviving widow to have allocated to her the family homestead and statutory allowances, where she has elected to take under a joint, mutual and contractual will which she executed together with her late husband. The answer to the question posed, as in most probate questions to reach this court, turns on the particular circumstances of the parties and the terms of the will. Insofar as we are able to determine— and the briefs of counsel do not indicate otherwise—the question has not previously been decided in this state.

The testator, Edward H. Barnett, and the appellant, Frances D. Barnett, had four children, two daughters and two sons, all now adults. Neither party to the will had other than the mutual children to be concerned about.

The will in question was executed by Edward H. Barnett and Frances D. Barnett on August 6, 1953. Insofar as it is pertinent here, it provides basically that the survivor should have a life estate in all of the property of the testators, with full power of disposal. Upon the death of the survivor, the daughters were to share in the testators' household goods, with the remainder of all property to be sold by the executors—they to pay specific bequests of $6,000 each to the daughters and to divide the residue among the four children. Provisions were made for a pro rata abatement of the specific bequests in the event the estate was insufficient to fulfill them at the death of the survivor, and for the disposition of the share of any child who should predecease the survivor. The two sons, Edwin and Robert, were named as co-executors.

Edward E. Barnett died on February 26, 1968, and the will was offered for probate to the probate court of Osage County by the widow and all four children. The will was admitted to probate and the named executors duly appointed. Shortly thereafter, the widow filed in the probate court her petition to set aside to her the 160 acre homestead and the statutory allowances provided for in K. S. A. 59-403, as amended. Edwin, one of the co-executors, in such capacity filed his defense to the petition, and after hearing the probate court granted the petition and set aside to the widow the homestead, the items of property set out in 59-403 (1), and other property in the amount of $1,650 under 59-403 (2).

Edwin, again in his capacity as co-executor, timely appealed this decision to the district court of Osage County. In that court there was a brief stipulation of the parties as to the facts, including the marriage of the parties to the will and their occupancy of the real estate in question as their residence. It was also stipulated that the only issues were those of law. The district court found that the will was not only joint and mutual, but also contractual. Allowing homestead rights and statutory allowances, the court found, would impair the contract implied by the will. The probate court was therefore reversed as to its order in favor of the widow.

In due course she appealed to this court, with both co-executors named as appellees. Here we are faced with an anomalous situation: The appellant naturally urges reversal; one appellee, Robert, joins her in her position; and the other appellee, Edwin, whose position was sustained by the trial court's decision, chooses not to favor this court with any brief attempting to support that decision.

Although it does not appear in the record, there lurks in the background a suspicion that this entire controversy stems from a dispute between the two brothers as to who should farm the homestead during the period of administration. If so, the matter may now be moot, but since mootness is not suggested by the parties and does not appear from the record, this court feels bound to decide this case on the questions and record submitted to it, within the terms of K. S. A. 60-2101 (*b*).

The parties agreed that the will was unambiguous, and no extrinsic evidence was offered concerning negotiations prior to its execution. The trial court therefore correctly decided that the nature of the will is to be determined solely from its terms. As noted above, it found that, in addition to its joint and mutual nature, it was contractual. With this finding we are not prepared to disagree. See the recent discussions of this aspect of the problem in *In re Estate of Thompson,* 206 Kan. 288, 478 P. 2d 174, and *In re Estate of Chronister,* 203 Kan. 366, 454 P. 2d 438.

Such a finding, however, does not dispose of the question presented by this particular will. Before a widow can be deemed to have waived the statutory benefits of homestead and allowances by consenting to the terms of her husband's will, K. S. A. 59-404 provides that it must *clearly appear from the will* that its provisions were intended to be in lieu of such rights. See *e. g., In re Estate of Morrison,* 189 Kan. 704, 371 P. 2d 171.

In its conclusion of law the district court stated:

"It is the conclusion of the Court that the instrument is the joint, mutual, and contractual will of the decedent and his surviving spouse wherein statutory allowances are provided for each in a clear and concise manner.

"That the survivor takes under the last will and testament and under the terms thereof cannot take partly under the law and also take under last will and testament. The survivor in connection with the execution of the instrument elected to take under the instrument at the time of the execution thereof and neither could have claimed both under the will and the law.

"That to allow homestead rights or statutory allowances to either would be to allow a breach of the contract and agreement."

However, in the light of the language of K. S. A. 59-404, it does not appear to us that a joint, mutual and contractual will and the right to homestead and statutory allowances are necessarily mutually exclusive. Under the will here in question the widow was given not only the right of occupancy of the homestead granted by K. S. A. 59-401, but full power of disposition. The same may be said of

the personal property alloted under what is now K. S. A. 1970 Supp. 59-403.

As we see it, the instant petition by the surviving spouse does no violence to any of the terms of her contract with her deceased husband. As noted above, the will gives to her full power of disposition of *all* of deceased's property, including the homestead. Setting it aside to her *as* a homestead gives her no more title than the will gives her, and for all practical purposes the same may be said of the statutory allowances.

As to the statutory allowances, they are, of course, designed for the immediate needs of the surviving spouse and minor children, if any. *O'Dell v. O'Dell,* 157 Kan. 351, 139 P. 2d 376. In each case, by taking under the statute the widow is given an additional element of protection against judgment creditors, if any, and the right to immediate possession as against the executors. We find nothing in the will which *clearly* shows an intent to deprive her of these advantages.

There is no evidence in this case that the widow, in exercising her right of disposition, has given or intends to give away any of the property involved, or take any other action which would defeat the purpose of the contract between the parties. In this respect the case differs from *In re Estate of Buckner,* 186 Kan. 176, 348 P. 2d 818, and does not give rise to the basic concern of the court in *In re Estate of Jones,* 189 Kan. 34, 366 P. 2d 792, upon both of which the trial court said it relied heavily. Should such event occur the remaindermen would not be without remedy. See *In re Estate of Buckner, supra; In re Estate of Chronister, supra; Menke v. Duwe et al.,* 117 Kan. 207, 216, 230 Pac. 1065.

We have examined the other cases cited by the trial court. While they generally support the finding that the will here was contractual, we do not regard them as controlling on the right of the widow, *under this will,* to make the election she did.

To summarize, we do not find either a clear intent that the testamentary provisions for the widow should be in lieu of her homestead rights and statutory allowances, or that to grant them to her would constitute a breach of the contractual aspects of the will.

The judgment is therefore reversed with directions to enter judgment for the appellant Frances D. Barrett.

APPROVED BY THE COURT.