(609 P.2d 685)
No. 50,524

In The Matter of the Estate of Donald R. Carriger, deceased.

Petition for review denied June 20, 1980.

Opinion filed April 18, 1980.

*Muriel Andreopoulos,* of Kansas City, for the appellant.

*Jan A. Way,* of Kansas City, guardian ad litem, for the appellees.

Before SWINEHART, P.J., REES and SPENCER, JJ.

SPENCER, J.: The sole issue involved in this appeal is whether the four natural children of the decedent, all of whom were adopted by others prior to decedent's death, are entitled to an allowance from the decedent's estate under the provisions of K.S.A. 59-403, which provides:

"When a resident of the state dies, testate or intestate, *the surviving spouse shall be allowed, for the benefit of such spouse and the decedent's minor children during the period of their minority,* from the personal property of which the decedent was possessed or to which the decedent was entitled at the time of death, the following:

"(1) The wearing apparel, family library, pictures, musical instruments, furniture and household goods, utensils and implements used in the home, one automobile, and provisions and fuel on hand necessary *for the support of the spouse and minor children for one year.*

"(2) A reasonable allowance of not less than seven hundred fifty dollars ($750) nor more than seven thousand five hundred dollars ($7,500) in money or other personal property at its appraised value in full or part payment thereof, with the exact amount of such allowance to be determined and ordered by the court, after taking into account the condition of the estate of the decedent.

"The property shall not be liable for the payment of any decedent's debts or other demands against decedent's estate, except liens thereon existing at the time of decedent's death. If there are no minor children, the property shall belong to the spouse; *if there are minor children and no spouse, it shall belong to the minor children.* The selection shall be made by the spouse, if living, otherwise by the guardian of the minor children. In case any of the decedent's minor children are not living with the surviving spouse, the court may make such division as it deems equitable." Emphasis added.

Upon application of the guardian ad litem appointed to repre-

sent the children, all of whom were minors, the court granted a statutory allowance of $6,000 to be divided equally among them. It is argued that it was error to do so and we agree.

The precise question here presented does not appear to have been previously decided in this state. However, it has been made clear that the purpose of K.S.A. 59-403 is to make provision for the immediate needs of the surviving spouse and the decedent's minor children, if any, during a most difficult period of readjustment. *In re Estate of Barnett*, 207 Kan. 484, 487, 485 P.2d 1290 (1971). As stated in *O'Dell v. O'Dell*, 157 Kan. 351, 353, 139 P.2d 376 (1943):

"The underlying purpose and intent of the lawmakers was to provide an allowance for the benefit of the surviving spouse alone in the event there are no minor children, and to the minor children alone in the event there is no surviving spouse, and to the surviving spouse and the minor children during the minority of the latter when there are both minor children and a surviving spouse. The purpose was that they should not be left entirely destitute."

See also Author's Comments, Vernon's Kansas Probate Code § 59-403 (1978), pp. 113-114; 1 Bartlett's Kansas Probate Law and Practice §§ 241, 243 (rev. ed. 1953), pp. 298, 300, 301. Such allowances are normally to be made without regard to rights of inheritance. *In re Estate of Laue*, 225 Kan. 177, 187, 589 P.2d 558 (1979); *In re Estate of Place*, 166 Kan. 528, 532, 203 P.2d 132 (1949); *Pellett v. Pellett*, 132 Kan. 427, 295 Pac. 984 (1931).

The question then before us is whether the four minor children with whom we are here concerned are the "decedent's minor children" within the purview of the statute.

Although decedent was the natural father of the children, all were adopted by others during his lifetime. After a valid decree of adoption has been entered, all of the rights, duties, and liabilities with respect to the adopted child are shifted to the adoptive parents and the natural parents have no further obligation to support the child. K.S.A. 1979 Supp. 59-2103; 2 Am. Jur. 2d, Adoption § 87, p. 930; *Leach v. Leach*, 179 Kan. 557, 559, 296 P.2d 1078 (1956).

In the eyes of the law, these children are no longer the "decedent's minor children" entitled to an allowance under K.S.A. 59-403. Accordingly, the order granting such allowance is vacated and this cause is remanded for further proceedings.