(955 P.2d 1339)

No. 76,968

In the Matter of the Estate of JOHN EDWARD WHEAT.

Opinion filed March 13, 1998.

*Darrell Smith*, of Overland Park, for appellant.

No appearance by appellees.

Before GERNON, P.J., GREEN, J., and TIMOTHY E. BRAZIL, District Judge, assigned.

GERNON, J.: In this appeal Karen Wheat, widow of John Edward Wheat, appeals from the district court's decision to not award a family allowance to her and decedent's minor children.

When John Edward Wheat died, his surviving spouse, Karen Wheat, received approximately $120,000 from his life insurance policy, and each of his minor children received approximately $180,000 from the policy. The minor children reside with Christina Wheat, the children's mother, who is responsible for their support and maintenance.

On March 13, 1996, the district court issued an opinion denying an allowance from decedent's estate pursuant to K.S.A. 59-403(b) for Karen Wheat and John Wheat's minor children.

Karen filed a motion to reconsider the court's ruling. The district court denied the motion. It also authorized the judgment as a final judgment pursuant to K.S.A. 1997 Supp. 60-254(b). Karen appeals.

We are somewhat hindered in our examination of this appeal by the fact that the appellees did not file a brief and that the record on appeal included only the journal entries and the judge's memorandum decision.

The issue on appeal is whether the court erred in not awarding a statutory allowance pursuant to K.S.A. 59-403(b).

K.S.A. 59-403 states in pertinent part:

"When a resident of the state dies, testate or intestate, the surviving spouse *shall* be allowed, for the benefit of such spouse and the decedent's minor children during the period of their minority, from the personal or real property of which the decedent was possessed or to which the decedent was entitled at the time of death, the following:

. . . .

"(b) A reasonable allowance of not more than $25,000 in money or other personal or real property at its appraised value in full or part payment thereof, with the exact amount of such allowance *to be determined and ordered by the court, after taking into account the condition of the estate of the decedent.*

"The property shall not be liable for the payment of any of decedent's debts or other demands against the decedent's estate, except liens thereon existing at the time of the decedent's death. If there are no minor children, the property shall belong to the spouse; if there are minor children and no spouse, it shall belong to the minor children. The selection shall be made by the spouse, if living, otherwise by the guardian of the minor children. In case any of the decedent's minor children are not living with the surviving spouse, the court may make such division as the court deems equitable." (Emphasis added.)

The district court made the following finding regarding an allowance:

"There appears to be uniformity in the view that this estate is insolvent. Assets of the estate will not be sufficient to satisfy the demands of all creditors. Since that leaves nothing for those that would otherwise take under the will, this suggests that a monetary allowance should be made for the widow and minor children who will receive nothing from the estate. However, it was pointed out at the pretrial conference in this matter that the decedent left life insurance proceeds of approximately $1 million for his family. His surviving spouse received approximately $120,000. The minor children received approximately $180,000 each. Karen Wheat, the surviving spouse, succeeded to the interest of the decedent in the residence at 10800 West 115th Place, Overland Park, Kansas. The minor children reside with their mother, Christina Wheat, in Kansas City, Missouri, who is responsible for their support and maintenance.

"It does not appear that the surviving spouse and minor children of the decedent are in the circumstances for which the legislature anticipated an allowance

under K.S.A. 59-403(b). Those portions of the petitions are denied. The court will consider at a later date the requests under K.S.A. 59-403(a)."

Karen claims that the use of the word "shall" in K.S.A. 59-403 required the district court to order a family allowance and, pursuant to the statute, the only consideration the court could take into account was the condition of the decedent's estate. She argues the statute does not contain a provision for considering the surviving spouse or minor children's financial condition and, therefore, the district court erred because it considered her financial condition.

The inquiry by this court is a question of whether, pursuant to K.S.A. 59-403(b), the court can take into account the financial condition of decedent's spouse and minor children when determining what amount of family allowance to award.

"[I]t is the function of a court to interpret a statute to give it the effect intended by the legislature." *In re Application of Zivanovic,* 261 Kan. 191, 192, 929 P.2d 1377 (1996). In *In re Estate of Carriger,* 4 Kan. App. 2d 594, 595, 609 P.2d 685, *rev. denied* 228 Kan. 806 (1980), this court noted:

"[I]t has been made clear that the purpose of K.S.A. 59-403 is to make provision for the immediate needs of the surviving spouse and the decedent's minor children, if any, during a most difficult period of readjustment. *In re Estate of Barnett,* 207 Kan. 484, 487, 485 P.2d 1290 (1971). As stated in *O'Dell v. O'Dell,* 157 Kan. 351, 353, 139 P.2d 376 (1943):

'The underlying purpose and intent of the lawmakers was to provide an allowance for the benefit of the surviving spouse alone in the event there are no minor children, and to the minor children alone in the event there is no surviving spouse, and to the surviving spouse and the minor children during the minority of the latter when there are both minor children and a surviving spouse. *The purpose was that they should not be left entirely destitute.*' " (Emphasis added.)

The legislature intended that no surviving spouse or child of a decedent be left destitute. A surviving spouse's allowance is generally favored under the law. *In re Estate of Taylor,* 205 Kan. 347, 359, 469 P.2d 437 (1970).

K.S.A. 59-403(b) sets a maximum allowance but sets no specific minimum. The language of the statute is broad enough to allow a

judge to consider many factors in deciding whether to set an allowance.

A court may use its discretion and take into consideration various factors, such as the financial condition of the decedent's spouse and minor children, when determining the amount of allowance to award.

It follows that the district court could, in its discretion, decide to award no allowance based on the given set of facts, especially where the purpose of the statute is to help the survivors get through a difficult period of readjustment and not be left entirely destitute.

In the present case, the district court determined that Karen and the minor children would be receiving money from decedent's life insurance, that she succeeded to the interest of the decedent in the residence, and that the minor children reside with their natural mother, who provides their support and maintenance. We conclude that the district court's ruling was consistent with the legislative intent behind K.S.A. 59-403.

Affirmed.