(135 P.3d 192)

No. 94,072

In the Matter of the NORMAN B. HJERSTED Revocable Trust.

Opinion filed June 2, 2006.

*Michael R. Ong* and *Michelle M. Burge*, of Law Office of Michael Ong, P.A., of Leawood, for appellant.

*Byron E. Springer, William N. Fleming,* and *Terrence J. Campbell,* of Barber Emerson, L.C., of Lawrence, for appellee.

Before RULON, C.J., ELLIOTT and GREENE, JJ.

GREENE, J.: Maryam Hjersted, surviving spouse of Norman B. Hjersted, appeals the district court's finding of ambiguity and resulting construction of a provision in Norman's trust agreement that revoked all gifts and transfers to her and her son Timothy based upon her invocation of elective share rights under Kansas statutory law. She also argues that if the provision is to be construed as it was by the district court, the executor should be estopped from enforcing the provision against her. We reject her arguments and affirm the district court.

### Factual and Procedural Background

A detailed factual and procedural summary regarding other aspects of this probate matter can be found in our opinion in the companion case, *In re Estate of Hjersted,* 35 Kan. App. 2d 778, 135 P.3d 206 (2006). We set forth below only those facts and procedural history material to this appeal.

The Restated Norman B. Hjersted Revocable Trust (the Trust) contained the following provision:

"F. Disposition if Grantor's Wife Makes Election Against Will or Trust. If Grantor's wife makes any election against Grantor's will or trust as permitted by K.S.A. 59-403, then all gifts or transfers to Grantor's wife or to Grantor's son Timothy Hjersted made pursuant to this Agreement or pursuant to the separate

written list are hereby revoked in their entirety, it being Grantor's intent that Timothy Hjersted can receive his share of inheritance from the property transferred to Grantor's wife. All of the property remaining after satisfaction of transfers made to satisfy Grantor's wife's marital rights shall be distributed as follows . . . ."

Norman died testate April 28, 2001. His son by a former marriage, Lawrence, was trustee of the Trust and was also appointed executor of the estate. In July 2001, Maryam Hjersted filed and served a notice of her intent to file a petition for her elective share of the estate and thereafter filed her petition in accord with K.S.A. 59-6a201 *et seq.*

In June 2003, counsel for Lawrence sent a letter to Timothy, son of decedent's marriage to Maryam, stating that it was the opinion of Lawrence as executor and trustee that Maryam's filing of a petition for elective share caused the revocation of all gifts or transfers made to Timothy under both the will and the Trust.

In December 2003, Maryam filed the present petition for declaratory judgment pursuant to K.S.A. 60-1701. In it, she requested that the district court: (1) issue a judgment declaring Maryam and Timothy to be present beneficiaries of the Trust; (2) direct Lawrence, as trustee, to administer and distribute the Trust in accordance with Maryam and Timothy being present beneficiaries; and (3) issue any orders necessary on Maryam's and Timothy's behalf to counteract any actions Lawrence may have taken in a manner detrimental to their interests as present beneficiaries.

The matter proceeded to a bench trial, during which the district court received extrinsic evidence regarding Norman's intentions in creating the Trust. Of note, Maryam testified she never received communication from Lawrence regarding her rights as a beneficiary following her filing of notice of intent to seek her elective share. Further, when asked by the district court whether she relied on the Trust Agreement's reference to K.S.A. 59-403 in deciding to file her petition for elective share under K.S.A. 59-6a201 *et seq.*, Maryam replied, "Oh absolutely."

William Fleming, an attorney, testified he drafted the Trust Agreement for Norman. With regard to Article IV, Paragraph F, Fleming testified its reference to K.S.A. 59-403 was a mistake and

the correct reference should have been to K.S.A. 59-6a201 *et seq.* Further, Fleming testified he was representing Lawrence in his capacity as trustee at the time Maryam sent notice of her intent to file a petition for elective share. Fleming conceded he did not take any action—either before or upon receipt of Maryam's notice—to notify Maryam of any rights under the Trust that she may have put at risk by seeking her elective share. Fleming explained:

"[W]e had provided a copy of the trust document to [Maryam], shortly before Norman died, so we were aware that she had a copy of if [*sic*], and of course I thought that the trust was pretty clear on its terms what happened if you filed a spousal election, so, I didn't think that there was any need to provide additional notice to her. She can read the document herself."

Fleming testified, however, that he received a letter from Maryam's counsel in May 2002 indicating that the statute referenced in Article IV, Paragraph F pertained to spousal allowance rather than to a spouse's elective share. Fleming testified he responded to the letter and notified Maryam's counsel that the statutory reference in that provision was a drafting error and that the trustee's interpretation of the provision was that it "would apply to the spousal elective election." According to Fleming, his receipt of the letter from Maryam's counsel marked the first time he became aware of the issue regarding contrary interpretations of the provision.

Importantly, Fleming testified he never discussed the family allowance statute (K.S.A. 59-403) with Norman. Rather, they only discussed the spousal election statutes (K.S.A. 59-6a201 *et seq.*). Fleming testified Article IV, Paragraph F had nothing to do with a spousal allowance claim, and he had no doubt that the provision was consistent with Norman's wishes.

During trial, Lawrence moved for involuntary dismissal of Maryam's petition. In ruling on Lawrence's motion, the district court announced numerous findings of fact which it deemed uncontroverted based on the parties' motions for summary judgment. Of note, the court found it was uncontroverted that Maryam "did not exercise her spousal allowance rights pursuant to K.S.A. 59-403 from the probate estate of her deceased husband." Further, the court deemed it uncontroverted that in a May 2002 letter to Maryam's counsel, Fleming characterized the provision's reference to

K.S.A. 59-403 as a "scrivener's error" and stated that under the trustee's interpretation of the Trust Agreement, Maryam's spousal election under K.S.A. 59-6a201 *et seq*. caused a forfeiture of her rights as a beneficiary of the Trust. The court also considered it uncontroverted that in January 2003, Maryam acknowledged in a pleading that Lawrence "has asserted that neither Timothy Hjersted or plaintiff has an interest in the trust due to plaintiff's election to determine her spousal elective share."

Importantly, the court noted the district court's September 2004 order regarding Maryam's petition for elective share (in the probate proceedings) showed "a calculation of the unsatisfied elective share which completely omits the calculations which would be necessary if Maryam Hjersted were a beneficiary of the trust."

The district court denied Lawrence's motion for involuntary dismissal, finding the provision's reference to K.S.A. 59-403 rendered the provision ambiguous. Further, the court found consideration of extrinsic evidence was appropriate to resolve the ambiguity. The parties later stipulated to the uncontroverted facts announced by the district court and proceeded to trial on the issues framed.

At the conclusion of the trial, the district court again found the provision was ambiguous. From a review of both the Trust Agreement as a whole and the extrinsic evidence presented, the court determined the provision was intended to apply to a spousal election under K.S.A. 59-6a201 *et seq*. Further, the court rejected Maryam's estoppel argument, finding her reliance on the provision's reference to K.S.A. 59-403 was unreasonable given her receipt of notice of the trustee's contrary interpretation of the provision. Accordingly, the court denied Maryam's petition for declaratory judgment.

Maryam timely appeals.

### Standards of Review

To the extent this appeal involves construction of a written instrument, we exercise de novo review. *In re Living Trust of Huxtable*, 243 Kan. 531, 533, 757 P.2d 1262 (1988).

To the extent this appeal requires that we examine statutory fiduciary obligations to the beneficiaries of a trust, we also exercise

de novo review. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

To the extent that the district court made fact findings in connection with Maryam's estoppel argument, we determine whether those findings are supported by substantial competent evidence. *The CIT Group v. E-Z Pay Used Cars, Inc.*, 29 Kan. App. 2d 676, 682-83, 32 P.3d 1197 (2001). To the extent the district court made negative findings, particularly with regard to the absence of proof of an essential element of estoppel, we will not disturb such a finding unless there has been arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice. *Geico General Ins. Co. v. Hanzlik*, 32 Kan. App. 2d 951, 960, 92 P.3d 1121 (2004).

### *Did the District Court Err in Construing the Trust Instrument?*

Maryam argues that the Trust provision was not ambiguous and was capable of enforcement as written. She asserts that the decedent's intent was clear: he sought to disinherit Maryam and Timothy from the Trust *only* if Maryam exercised her rights under K.S.A. 59-403. Because no such rights were exercised, the provision was inapplicable and both she and Timothy remained beneficiaries of the will and Trust. Thus, she contends the district court erred in its finding of ambiguity and in admitting extrinsic evidence for purposes of resolving the purported ambiguity.

The same rules apply to the construction of trusts, wills, and most other written instruments. *In re Estate of Sanders*, 261 Kan. 176, 182, 929 P.2d 153 (1996). As a general rule, " 'if the language of a written instrument is clear and can be carried out as written there is no room for rules of construction.' [Citation omitted.]" 261 Kan. at 182. When an ambiguity exists, however, parol evidence is admissible to ascertain the meaning of the words used in the written instrument. *Offerman v. Rosile*, 31 Kan. App. 2d 1055, 1062, 77 P.3d 504, *rev. denied* 277 Kan. 924 (2003).

In *Godley v. Valley View State Bank*, 277 Kan. 736, 89 P.3d 595 (2004), the Kansas Supreme Court provided the following guidance with respect to the construction of a trust:

"[T]he primary objective of trust law is to carry out the settlor's intent. [Citation omitted.] Consequently, '[i]f the text of the trust indenture is plain and unambiguous, the intent of the trustor (settlor) can be ascertained from the language used. [Citation omitted.] Where construction is necessary [however] the court must put itself in the situation of the trustor when the trustor made the trust instrument and, from consideration of the language used in the entire instrument determine the intention of the trustor. [Citations omitted.] The cardinal rule is that the intention of the trustor as gathered from the whole instrument must control unless contrary to settled principles of law.' [Citation omitted.]" 277 Kan. at 741-42.

According to Maryam's argument, the subject provision is capable of enforcement as written, *i.e.*, if she exercises her rights under K.S.A. 59-403, she is disinherited. We note, however, that this statute merely provides the family with minimal support for immediate needs, the amount of same being at the discretion of the district court.

"When a resident of the state dies, testate or intestate, the surviving spouse shall be *allowed*, for the benefit of such spouse and the decedent's minor children during the period of their minority, from the personal or real property of which the decedent was possessed or to which the decedent was entitled at the time of death, the following . . . ." (Emphasis added.) K.S.A. 59-403.

We reject Maryam's arguments as to ambiguity of the Trust provision and agree with the district court's finding of ambiguity for two principal reasons:

(1) The language chosen within the provision makes its reference to K.S.A. 59-403 inherently inconsistent. In particular, the use of the terms and phrases "election," "against Grantor's will or trust," and "marital rights" render the provision ambiguous. K.S.A. 59-403 provides generally for no "election" but rather an *allowance* for immediate needs of the surviving family and is intended to prevent the family from becoming destitute. See *In re Estate of Wheat*, 24 Kan. App. 2d 934, 936, 955 P.2d 1339 (1998). When such an allowance is considered by the court, it is generally not considered "against Grantor's will or trust" but rather *supplemental* to the testamentary intent. Finally, such an allowance may be made to the surviving spouse, but it is not technically a "marital right" because it also inures to minor children and the court has complete discretion to determine the amount of any such allowance. See *Wheat*, 24 Kan. App. 2d at 936-37.

(2) The intent to disinherit a spouse and child solely upon their seeking an allowance for immediate needs cannot be squared with the intent otherwise expressed for them within and throughout the Trust agreement. In fact, we believe that the provision would be nonsensical if it were to work a disinheritance due to a mere immediate needs allowance but *not* upon exercising elective share rights. Why would any testator/grantor disinherit due to an immediate needs allowance but intend no such disinheritance upon an elective share petition? We simply cannot accept Maryam's suggestion that the provision is capable of enforcement as written given our mandate to garner intent "from the whole instrument." *Godley*, 277 Kan. at 741-42.

Because we have concluded that the language of the instrument was ambiguous, the district court properly admitted extrinsic evidence to determine Norman's intent. See *Offerman*, 31 Kan. App. 2d at 1062. The evidence that was offered conclusively supported Lawrence's contention that the reference to K.S.A. 59-403 was a scrivener's error and was intended to reference K.S.A. 59-6a201 *et seq.* Most convincing was Fleming's testimony that he and the decedent never even discussed the potential for an allowance under 59-403.

The district court did not err in its finding of ambiguity in the subject provision and in admitting the extrinsic evidence. We affirm the court's treatment and ultimate construction of the subject Trust provision.

### Did the District Court Err in Rejecting Maryam's Claim that Lawrence Should be Estopped From Administering the Trust Pursuant to the Provision as Construed by the Court?

Maryam also argues that, notwithstanding the construction of the disputed provision by the district court, Lawrence should be estopped from administering the Trust pursuant to that construction by reason of his failure to inform her on a timely basis of the trustee's intention to enforce the provision to cause a disinheritance in the event of her exercising elective share rights under K.S.A. 59-6a201 *et seq.* She contends that Lawrence had numerous

opportunities to inform her of his intention and that his failure to do so was a breach of his fiduciary duty as trustee.

"Equitable estoppel is the effect of the voluntary conduct of a party whereby it is precluded, both at law and in equity, from asserting rights against another person relying on such conduct. A party seeking to invoke equitable estoppel must show that the acts, representations, admissions, or silence of another party (when it had a duty to speak) induced the first party to believe certain facts existed. There must also be a showing the first party rightfully relied and acted upon such belief and would now be prejudiced if the other party were permitted to deny the existence of such facts. *There can be no equitable estoppel if any essential element thereof is lacking or is not satisfactorily proved.* Estoppel will not be deemed to arise from facts which are ambiguous and subject to more than one construction. [Citation omitted.]" (Emphasis added.) *Gillespie v. Seymour*, 250 Kan. 123, 129-30, 823 P.2d 782 (1991).

The district court concluded that the essential element of reasonable or rightful reliance on Lawrence's actions or silence by Maryam was not established.

"[T]he Court ultimately concludes that any such reliance is not ultimately reasonable, and the reason being that the plaintiff if she initially relied upon this reference in her decision to pursue the spousal elective share; believing that it would not kick in or cause Article 4, Paragraph F to operate, soon became aware that that position was challenged. . . . The reason that I conclude that the reliance was ultimately not reasonable is that, at a point at before which the decision to pursue the spousal elective share operated potentially to effect the rights of the plaintiff in this action. That is before that petition became final and judgment was entered on it, she could have gotten a resolution of the issue which she presents in this action, either through the Probate Court or through this Court. . . . [A]lthough initially she could have been misled, there were certainly enough markers all along the road to indicate that pursuing the spousal elective share and taking that to its final conclusion may have an adverse result ultimately on her participation as a beneficiary under the trust and that of Timothy Hjersted as well. So, for those reasons the Court finds that it is not an ultimately—a reasonable reliance that she made."

We construe this as a negative finding that cannot be disturbed on appeal absent arbitrary disregard of undisputed evidence or some evidence of bias, passion, or prejudice by the district court. See *Geico*, 32 Kan. App. 2d at 960. Maryam has not argued and we do not conclude that there was an arbitrary disregard of evidence or some indication of bias, passion, or prejudice.

Even if we were to review the finding to determine if supported by substantial competent evidence, the outcome would be identical. A review of the stipulated uncontroverted facts reveals Maryam had knowledge of the scrivener's error in the disputed provision as early as May 2002–more than 2 years before the district court entered its order in the probate proceedings. She also concedes that she had the option under K.S.A. 59-6a211(c) to dismiss her petition for elective share at any time prior to the issuance of that order. She presented no evidence that she discussed the possibility of dismissing her election with Lawrence and whether he would permit her to revest in the Trust *at any time*. Given these facts, Maryam cannot establish that she relied on any action or silence of Lawrence; in fact, it is clear that when possessed of knowledge of the scrivener's error, she failed to do anything but continue her course of action chosen in the summer of 2001. No reasonable reliance has been shown, and absent this essential element, no equitable estoppel applies. See *Gillespie*, 250 Kan. at 130.

The district court did not err in rejecting Maryam's estoppel argument.

Affirmed.